**The Honorable** _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **SUNLIGHT SUPPLY, INC.,** a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>**MAVERICK SUN INC.**; a Missouri corporation,<br><br>Defendant. | Case No. 2:13-cv-2052<br><br>COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN<br><br>JURY DEMAND |

Plaintiff Sunlight Supply, Inc. ("Sunlight" or "Plaintiff") hereby submits its Complaint against Defendant Maverick Sun Inc. ("Maverick Sun" or "Defendant"):

### I.   NATURE OF CLAIMS

1.   This is an action for federal patent and trademark violations, trade dress infringement, unfair competition, false designation of origin, and related state and common law claims in connection with Defendant's infringement of Sunlight's patent, trademark, and trade dress rights related to the advertising and sale of indoor garden lighting products. Defendant's infringement is likely to cause confusion, mistake, and to deceive as to the affiliation, connection, or association of Defendant with Sunlight, and/or as to the origin, sponsorship, or approval of Defendant's goods by Sunlight.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 1
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

## II.     THE PARTIES

2.     Plaintiff Sunlight is a Washington corporation with its principal place of business at 5408 NE 88th Street, Bldg A Vancouver, WA 98665.

3.     On information and belief, Defendant Maverick Sun is a Missouri corporation with its principal place of business at 3701 NE Kimball Drive, Suite A Kansas City, MO 64161.

## III.     JURISDICTION AND VENUE

4.     This action arises under the United States patent laws, namely 35 U.S.C. § 271 et seq.; the Lanham Act, namely 15 U.S.C. §§ 1114, 1125 et seq.; the Washington Trademark Act, namely RCW 19.77.010 et seq., the Washington Consumer Protection Act, namely RCW 19.86.020 et seq., and common law.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121 because the action arises in part under 15 U.S.C. §§ 1114 and 1125.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  Further, this Court has jurisdiction over Sunlight's state law claims under 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under federal patent and trademark law and pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

6.     This Court has general jurisdiction over Defendant because, on information and belief, Defendant maintains continuous and systematic contacts with the State of Washington, including but not limited to selling or offering for sale indoor garden lighting products to consumers, distributors, and retailers throughout the state and in this judicial district, including but not limited to Kenton Indoor Garden Supply, Light Dreams Indoor Gardening & Organic Supplies, and Renton and Fife Indoor Garden Center.  Moreover, this Court has specific jurisdiction over Defendant because Sunlight's causes of action arise out

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 2
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

of Defendant's contacts with the State of Washington. A copy of web screen captures of the identified retailers is attached as "Exhibit A." This Court's exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all parties do business in this district and Defendant's wrongful conduct has occurred and continues to occur in this district.

### IV. FACTS COMMON TO ALL CLAIMS

8. Established in 1995, Plaintiff Sunlight is a family-owned Washington company dedicated to offering high-quality indoor, hydroponic, organic, and greenhouse gardening supplies. Sunlight proudly manufactures indoor lighting products such as reflectors at its facilities in Woodland and Vancouver, Washington. Sunlight's Sun System® line, which is manufactured at its Vancouver facility, is the nation's #1 leading brand of grow lights for indoor and greenhouse gardening. Sunlight is also a significant innovator within the indoor gardening industry, with numerous patents under its name. From amateur hobbyists to commercial greenhouses across the country, Sunlight and its products enjoy a high degree of brand recognition and goodwill.

9. On February 11, 2011, Sunlight filed two design patent applications that were fully examined by the United States Patent and Trademark Office ("PTO"). On April 17, 2012, the PTO duly and legally issued U.S. Patent No. D657,748 ("the '748 Patent"), entitled "ELECTRONIC CONTROLLER BOX." Similarly, on May 22, 2012, the PTO duly and legally issued U.S. Patent No. D660,252 ("the '252 Patent"), entitled "ELECTRONIC CONTROLLER BOX." Sunlight holds all right, title, and interest in the '748 Patent and '252 Patent. Copies of the '748 Patent and '252 Patent are collectively attached as "Exhibit B."

10. Defendant Maverick Sun is in the business of marketing, distributing, and selling indoor gardening equipment, including without limitation, lighting system controllers

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 3
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

through its online website, www.mavericksun.com, and third party retailers located throughout the United States, including in this judicial district.

11.     On information and belief, including statements made on Maverick Sun's website www.mavericksun.com, Maverick Sun's "Hydra Controller" product ("Accused Product") infringes the '748 Patent and '252 Patent. Maverick Sun provides product information regarding the Accused Product on its website. A copy of this product information is attached as "Exhibit C."

12.     Sunlight has marked and continues to mark products made under the '748 Patent and the '252 Patent, including its HELIOS lighting system controller. Sunlight provides product information regarding the HELIOS controller on its website www.sunlightsupply.com. A copy of this product information is attached as "Exhibit D."

13.     In addition to patents, Sunlight owns a family of Greek mythology-inspired trademarks that it uses in connection with indoor gardening products. Currently, Sunlight has approximately 22 registered marks and pending applications in this family of marks. These registrations and applications are owned by Sunlight's wholly-owned holding company, IP Holdings, LLC. The following table provides a sampling of such marks, listed alphabetically:

| Application / Registration No. | Mark | Greek Mythology Meaning |
|---|---|---|
| Reg. No. 4,150,296 | APOLLO | Greek God of light, music, arts, prophecy, and healing |
| Reg. No. 4,397,760 | ARES | Greek God of war |
| Reg. No. 4,028,950 | ATLAS | Titan God of astronomy |
| Reg. No. 3,907,757 | CETO | Greek Goddess of the sea |
| Reg. No. 4,049,180 | EOS | Greek Goddess of dawn |
| App. No. 86/016,467 | HADES | Greek God of the underworld or dead |

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 4
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

| Application / Registration No. | Mark | Greek Mythology Meaning |
|---|---|---|
| Reg. No. 3,957,794 | HELIOS | Greek God of the sun |
| App. No. 85/900,825 | HY DROTON | Derived from *Hydra* – ancient serpent-like sea monster possessing many heads |
| Reg. Nos. 4,144,315; 4,250,134; 4,253,748 | HYDRO FLOW | Same as above |
| App. No. 85/649,570 | HYDRO THREADS | Same as above |
| Reg. No. 4,314,653 | HYDROPEBBLES | Same as above |
| Reg. No. 4,369,889 | HYPER FAN | Derived from *Hyperion* – Titan god of light |
| App. No. 86/011,761 | HYPERION | Titan God of light |
| Reg. No. 3,988,494 | KRONUS | Titan God of time, spelled Cronus or Kronos |
| Reg. No. 3,908,139 | MERCURY | Roman God of financial gain, commerce, thieves, travelers |
| Reg. No. 4,008,462 | NYX | Greek Goddess of night |
| Reg. No. 4,130,518 | OCEANUS | Titan God of water |
| Reg. No. 86/016,396 | SATURN | Roman God; Greek equivalent of *Cronus* |
| Reg. No. 3,604,100 | TITAN CONTROLS | Derived from *Titan* – ancient race of powerful deities |
| App. No. 85/952,997 | WHEN YOU'RE GARDENING WITH THE GODS, THINGS JUST GROW BETTER! | Reference to "Gods" |
| Reg. No. 3,718,258 | | Trojan helmet |

14. Among its family of Greek mythology-inspired marks, Sunlight has a United States trademark registration for the mark HELIOS, U.S. Registration No. 3,957,794, registered on May 10, 2011, for electromechanical controls for use in horticulture and indoor gardening, shown below. Sunlight has been using the HELIOS mark in connection with electromechanical controls since at least as early as April 1, 2010.

# HELIOS

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 5
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

15. On November 6, 2013, Sunlight obtained a registration for the HELIOS mark from the State of Washington, Registration No. 56438. All right, title and interest in the HELIOS name is vested in IP Holdings LLC, which is a wholly-owned subsidiary of Sunlight. Copies of Sunlight's United States and Washington HELIOS trademark registrations are collectively attached as "Exhibit E."

16. Sunlight's HELIOS controller, shown below, is branded prominently with the HELIOS name and trade dress, which includes, *inter alia*, the green and white dot matrix pattern, as well as the product's box-shape configuration, including placement of design tabs and lips. The controller is well-known and popular among commercial greenhouses and gardeners of all levels. In fact, it is consistently one of Sunlight's top selling products and the top selling lighting controller of its kind on the market.



17. Since 2010, Sunlight has continuously and exclusively used its trademark HELIOS with its green and white trade dress to refer to its controllers and spent tens of thousands of dollars each year advertising, marketing, and promoting products under the HELIOS name both by itself and through its network of authorized distributors. Moreover, Sunlight has been continuously and exclusively using Greek mythology-inspired marks since at least 2008, when it began using and filed for registration of the mark TITAN CONTROLS. As a result, Sunlight's family of Greek mythology-inspired marks, including HELIOS, has become associated exclusively with Sunlight and is recognized favorably by

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 6
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

1  the public as an indicator of Sunlight's goods and their quality.  Accordingly, Sunlight owns
2  valuable goodwill in connection with its family of Greek mythology-inspired marks,
3  including the HELIOS mark.

4      18.   On information and belief, after Sunlight's first use of its HELIOS mark,
5  Maverick Sun adopted and began using a confusing similar mark, "Hydra" ("Accused
6  Mark"), in connection with the Accused Product, shown below.  In addition to being a short
7  word starting with the letter "H," the term "hydra" derives from Greek mythology.  "Hydra"
8  refers to an ancient serpent-like reptilian water monster possessing many heads.  Maverick
9  Sun is aware of this Greek connotation and intentionally evokes the connotation in marketing
10 the Hydra controller.  The controller exterior prominently depicts a green "hydra" with four
11 heads.  Maverick Sun's online description of the Hydra controller states: "Like many heads
12 with one controlling body, Maverick Sun Hydra Controllers give you the power of many
13 lighting systems controlled in a single device.  The Hydra is used to control the lighting
14 needs for several systems in one convenient unit." *See* Exhibit C attached hereto.



21     19.   Out of the dozens of products offered by Maverick Sun, the Hydra controller
22 is the only Maverick Sun product with a Greek mythological connotation to its name.  The
23 names of other Maverick Sun products, such as Big Foot, Mother HO, One Man Band,
24 Outlaw, Skunk, and Diablo, have no apparent connection or relationship with one another.

25     20.   In addition to using the confusingly similar mark "Hydra," the Accused
26 Product features graphics and other characteristics that are confusingly similar to Sunlight's

COMPLAINT FOR PATENT INFRINGEMENT,
TRADEMARK INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION, AND FALSE
DESIGNATION OF ORIGIN - 7
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

trade dress, which includes, *inter alia*, the HELIOS name in the foreground and green and white "dot" matrix pattern in the background. The Hydra controller similarly features the Accused Mark and hydra depiction in the foreground and a green and white "droplet" pattern in the background. The shade of green used on Maverick Sun's Hydra controller is precisely the same shade of green used on Sunlight's product. The Hydra controller's box-shape configuration, including its placement of design tabs and lips, is also virtually identical to that of the HELIOS controller.

21. Maverick Sun continues to advertise and sell the Accused Product using the Accused Mark and confusingly similar trade dress. Specifically, among other ways it uses Sunlight's trade dress, Maverick Sun prominently displays green and white in its website and digital catalog. *See* Exhibit C attached hereto.

22. This is not the first time Maverick Sun has tried to misappropriate Sunlight's intellectual property rights. Maverick Sun previously marketed an exact copy of Sunlight's Tek-Light product and only stopped after receiving a demand letter from Sunlight.

23. Maverick Sun is not an authorized licensee of Sunlight, and Sunlight has never given Maverick Sun permission to use the design shown in the '748 Patent or '252 Patent or any form of the HELIOS trademark or trade dress described above.

## V.   FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent Nos. D657,748 and D660,252)

24. Sunlight incorporates by reference paragraphs 1 through 23 as set forth above.

25. Upon information and belief, Defendant has made, used, offered for sale, sold, and/or imported into the United States, and is still making, using, offering for sale, selling, and/or importing into the United States, products that infringe the '748 Patent and '252 Patent, such as the Accused Product.

26. Upon information and belief, Defendant has been and is still inducing third parties, such as dealers and end users throughout the United States, to offer for sale, sell, or

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 8
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

use the Accused Product and thereby directly infringe the '748 Patent and '252 Patent. *See* Exhibit A attached hereto.

27.     Because Defendant set out to copy as closely as possible Sunlight's patented product, and because Defendant has copied Sunlight's products in the past, it appears that Defendant's infringement of the '748 Patent and '252 Patent has been intentional and willful, making this an exceptional case.

28.     Defendant's infringement of the '748 Patent and '252 Patent has injured and will continue to injure Sunlight unless and until the Court enjoins further infringement of the '748 Patent and '252 Patent.

## VI.    SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement in Violation of 15 USC § 1114)

29.     Sunlight incorporates by reference paragraphs 1 through 23 as set forth above.

30.     Without Sunlight's consent, Defendant has used and is using a mark in commerce in connection with the sale, offering for sale, distribution, and advertising of products in a manner which is likely to cause confusion, mistake, and to deceive as to the affiliation, connection, or association of Defendant with Sunlight, and/or as to the source, origin, sponsorship, or approval of Defendant's products by Sunlight.  Defendant's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

31.     As a direct and proximate result of Defendant's conduct, Sunlight has been, and continues to be, irreparably harmed in its business, including its reputation and business identity, resulting in lost revenues and profits, and diminished goodwill and reputation.

32.     Sunlight has no adequate remedy at law because its HELIOS mark and Greek family of marks represent to the public the source, reputation, and goodwill of and associated with Sunlight's products.  Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 9
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Sunlight for Defendant's misconduct. Sunlight is entitled to a preliminary and permanent injunction under 15 U.S.C. § 1116 against Defendant's continued use of the infringing Hydra mark and infringing trade dress. If Defendant's activities are not enjoined, Sunlight will continue to suffer irreparable harm and injury to its goodwill and reputation.

33. As a direct and proximate result of Defendant's conduct, pursuant to 15 U.S.C. § 1117(a), Sunlight is also entitled to recover the costs of the action and three times its actual damages and the profits wrongfully obtained by Defendant attributable to its conduct in an amount to be proven at trial.

34. In addition to the damages to which Sunlight is entitled for Defendant's trademark infringement, because Defendant set out to copy as closely as possible Sunlight's trademarked product, and because Defendant has copied Sunlight's products in the past, Sunlight is further entitled to recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), to the extent the Court finds this case to be exceptional.

## VII.   THIRD CLAIM FOR RELIEF
(Federal Trade Dress Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 USC § 1125(a)(1)(A))

35. Sunlight incorporates by reference paragraphs 1 through 23 as set forth above.

36. Sunlight's HELIOS product trade dress comprises, *inter alia*, the product's box-shape configuration, including placement of design tabs and lips, the HELIOS name in the foreground, and green and white dot matrix pattern in the background.

37. Sunlight's HELIOS product trade dress and the goodwill of the business associated with it in Washington and throughout the United States are valuable, distinctive, and nonfunctional, and have become associated in the minds of consumers, including buyers purchasing indoor gardening equipment through retailers, with Sunlight's reputation for high quality goods and excellent customer service.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 10
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

38. Sunlight's HELIOS product trade dress is non-functional because it does not affect the cost or quality of the product, nor is it essential to the use or purpose of the product.

39. Sunlight's HELIOS product trade dress has achieved secondary meaning as demonstrated by Sunlight's consistent use of the HELIOS name and trade dress, Sunlight's substantial advertising and publicity of the HELIOS name and trade dress, and the substantial sales of the HELIOS product that Sunlight has enjoyed. In addition, the HELIOS product name is protected by a registered trademark, which is used to advertise the HELIOS product in conjunction with visual images displaying the HELIOS product trade dress. Sunlight's use of the HELIOS product trade dress has been substantially exclusive and continuous for at least three and a half years.

40. Due to the specialized, niche nature of the indoor gardening market, consumers, including buyers purchasing indoor gardening equipment through retailers, are likely to purchase goods whose trademark or trade dress they recognize. Sunlight's goodwill and the secondary meaning attached to Sunlight's HELIOS product lead consumers, including buyers purchasing indoor gardening equipment through retailers, to seek out and purchase Sunlight's products. Defendant and Sunlight's indoor gardening products are sold in identical trade channels and highly similar if not identical marketing channels. Sunlight and Defendant's goods are marketed to indoor gardening centers and retailers in Washington and throughout the nation. Moreover, both Sunlight and Defendant maintain Internet sites for product advertisement.

41. At a retail store, Sunlight's products and Defendant's products are very likely to occupy the same sales space if both brands are purchased and displayed. Therefore, the goods would be in proximity at a retail store.

42. Defendant, on or in connection with its goods, is using features of Sunlight's HELIOS product trade dress and the Hydra mark that is confusingly similar with

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 11
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Sunlight's HELIOS mark and Greek family of marks, in a manner that is likely to cause confusion, cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Sunlight, and/or as to the source, origin, sponsorship, and approval of Defendant's products by Sunlight. Defendant's conduct constitutes trade dress infringement, unfair competition, and/or false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. As a direct and proximate result of Defendant's conduct, Sunlight has been, and continues to be, irreparably harmed in its business, including its reputation and business identity, resulting in lost revenues and profits, and diminished goodwill and reputation.

44. Sunlight has no adequate remedy at law because its HELIOS mark and Greek family of marks and its trade dress represent to the public the source, reputation, and goodwill of and associated with Sunlight's products. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Sunlight for Defendant's misconduct. Sunlight is entitled to a preliminary and permanent injunction under 15 U.S.C. § 1116 against Defendant's continued use of the infringing Hydra mark and infringing trade dress. If Defendant's activities are not enjoined, Sunlight will continue to suffer irreparable harm and injury to its goodwill and reputation.

45. As a direct and proximate result of Defendant's conduct, pursuant to 15 U.S.C. § 1117(a), Sunlight is also entitled to recover the costs of the action and three times its actual damages and the profits wrongfully obtained by Defendant attributable to its conduct in an amount to be proven at trial.

46. In addition to the damages to which Sunlight is entitled for Defendant's trade dress infringement, unfair competition, and false designation of origin, because Defendant set out to copy as closely as possible Sunlight's trademarked product, and because Defendant

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 12
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

has copied Sunlight's products in the past, Sunlight is further entitled to recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), to the extent the Court finds this case to be exceptional.

### VIII.   FOURTH CLAIM FOR RELIEF
### (Washington Trademark Imitation in Violation of RCW 19.77.140)

47. Sunlight incorporates by reference paragraphs 1 through 23 as set forth above.

48. Without Sunlight's consent, Defendant has used and is using the Hydra mark in commerce in connection with the sale, offering for sale, distribution, and advertising of products in a manner which is likely to cause confusion, mistake, and to deceive as to the affiliation, connection, or association of Defendant with Sunlight, and/or as to the source, origin, sponsorship, or approval of Defendant's products by Sunlight. Defendant's conduct constitutes trademark imitation in violation of RCW 19.77.140.

49. As a direct and proximate result of Defendant's conduct, Sunlight has been, and continues to be, irreparably harmed in its business, including its reputation and business identity, resulting in lost revenues and profits, and diminished goodwill and reputation.

50. Sunlight has no adequate remedy at law because its HELIOS mark and Greek family of marks represent to the public the source, reputation, and goodwill of and associated with Sunlight's products. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Sunlight for Defendant's misconduct. If Defendant's activities are not enjoined pursuant to RCW 19.77.150, Sunlight will continue to suffer irreparable harm and injury to its goodwill and reputation.

51. As a direct and proximate result of Defendant's conduct, pursuant to RCW 19.77.150, Sunlight is also entitled to recover its actual damages and the profits wrongfully obtained by Defendant attributable to its conduct in an amount to be proven at trial.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 13
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

52. In addition to the damages and profits to which Sunlight is entitled for Defendant's trademark imitation, because Defendant set out to copy as closely as possible Sunlight's trademarked product, and because Defendant has copied Sunlight's products in the past, Sunlight is further entitled to recover three times such damages and profits and its attorney fees pursuant to RCW 19.77.150, to the extent the Court finds Defendant's wrongful conduct to be committed in bad faith.

## IX. FIFTH CLAIM FOR RELIEF
### (Washington Unfair Competition in Violation of RCW 19.86.020)

53. Sunlight incorporates by reference paragraphs 1 through 23 as set forth above.

54. Without Sunlight's consent, Defendant has used and is using the Hydra mark in commerce in connection with the sale, offering for sale, distribution, and advertising of products in a manner which is likely to cause confusion, mistake, and to deceive as to the affiliation, connection, or association of Defendant with Sunlight, and/or as to the source, origin, sponsorship, or approval of Defendant's products by Sunlight.  Further, Defendant, on or in connection with its goods, is using features of Sunlight's HELIOS trade dress in a manner that is likely to cause confusion, mistake, and to deceive as to the affiliation, connection or association of Defendant with Sunlight, and/or as to the source, origin, sponsorship, or approval of Defendant's products by Sunlight.  Defendant's wrongful conduct constitutes unfair competition in violation of RCW 19.86.020.

55. As a direct and proximate result of Defendant's unfair competition, Sunlight has been, and continues to be, irreparably harmed in its business, including its reputation and business identity, resulting in lost revenues and profits, and diminished goodwill and reputation.

56. Sunlight has no adequate remedy at law because its HELIOS mark and Greek family of marks and trade dress represent to the public the source, reputation, and goodwill of and associated with Sunlight's products.  Certain damages caused by Defendant's acts

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 14
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Sunlight for Defendant's misconduct. If Defendant's activities are not enjoined, Sunlight will continue to suffer irreparable harm and injury to its goodwill and reputation.

57. As a direct and proximate result of Defendant's unfair competition, Sunlight is also entitled to recover its actual damages and the profits wrongfully obtained by Defendant attributable to its conduct in an amount to be proven at trial.

58. In addition to the damages and profits to which Sunlight is entitled for Defendant's trademark imitation, because Defendant set out to copy as closely as possible Sunlight's patented and trademarked product, and because Defendant has copied Sunlight's products in the past, Sunlight is further entitled to recover its reasonable attorneys' fees, to the extent the Court finds Defendant's wrongful conduct to be committed in bad faith.

### SIXTH CLAIM FOR RELIEF
### (Common Law Trade Dress Infringement)

59. Sunlight incorporates by reference paragraphs 1 through 23 as set forth above.

60. Sunlight's HELIOS product trade dress comprises, *inter alia*, the product's box shape configuration, including placement of design tabs and lips, the HELIOS name in the foreground, and green and white dot matrix pattern in the background.

61. Sunlight's HELIOS product trade dress and the goodwill of the business associated with it in Washington and throughout the United States are valuable, distinctive, and nonfunctional, and have become associated in the minds of consumers, including buyers purchasing indoor gardening equipment through retailers, with Sunlight's reputation for high quality goods and excellent customer service.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 15
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

1      62.     Sunlight's HELIOS product trade dress is non-functional because it does not
2  affect the cost or quality of the product, nor is it essential to the use or purpose of the
3  product.

4      63.     Sunlight's HELIOS product trade dress has achieved secondary meaning as
5  demonstrated by Sunlight's consistent use of the HELIOS name and trade dress, Sunlight's
6  substantial advertising and publicity of the HELIOS name and trade dress, and the substantial
7  sales of the HELIOS product that Sunlight has enjoyed.  In addition, the HELIOS product
8  name is protected by a registered trademark, which is used to advertise the HELIOS product
9  in conjunction with visual images displaying the HELIOS product trade dress.  Sunlight's
10 use of the HELIOS product trade dress has been substantially exclusive and continuous for at
11 least three and a half years.

12     64.     Due to the specialized, niche nature of the indoor gardening market,
13 consumers, including buyers purchasing indoor gardening equipment through retailers, are
14 likely to purchase goods whose trademark or trade dress they recognize.  Sunlight's goodwill
15 and the secondary meaning attached to Sunlight's HELIOS product lead consumers,
16 including buyers purchasing indoor gardening equipment through retailers, to seek out and
17 purchase Sunlight's products.  Defendant and Sunlight's indoor gardening products are sold
18 in identical trade channels and highly similar if not identical marketing channels.  Sunlight
19 and Defendant's goods are marketed to indoor gardening centers and retailers in Washington
20 and throughout the nation.  Moreover, both Sunlight and Defendant maintain Internet sites
21 for product advertisement.

22     65.     At a retail store, Sunlight's products and Defendant's products are very likely
23 to occupy the same sales space if both brands are purchased and displayed.  Therefore, the
24 goods would be in proximity at a retail store.

25     66.     Defendant, on or in connection with its goods, is using features of the
26 HELIOS product trade dress in a manner that is likely to cause confusion, cause mistake, and

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 16
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

to deceive as to the affiliation, connection, or association of Defendant with Sunlight, and/or as to the source, origin, sponsorship, and approval of Defendant's products by Sunlight. Defendant's wrongful conduct constitutes common law trade dress infringement.

67. As a direct and proximate result of Defendant's conduct, Sunlight has been, and continues to be, irreparably harmed in its business, including its reputation and business identity, resulting in lost revenues and profits, and diminished goodwill and reputation.

68. Sunlight has no adequate remedy at law because its HELIOS mark and Greek family of marks and trade dress represent to the public the source, reputation, and goodwill of and associated with Sunlight's products. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate Sunlight for Defendant's misconduct. If Defendant's activities are not enjoined, Sunlight will continue to suffer irreparable harm and injury to its goodwill and reputation.

69. As a direct and proximate result of Defendant's conduct, Sunlight is also entitled to recover its actual damages and the profits wrongfully obtained by Defendant attributable to its conduct in an amount to be proven at trial.

## X.   PRAYER FOR RELIEF

Plaintiff Sunlight respectfully requests that this Court grant the following relief against Defendant Maverick Sun:

**A.** That the Court grant Sunlight a declaratory judgment of willful infringement of the '748 Patent and '252 Patent by Defendant;

**B.** That Defendant, its officers, directors, agents, servants, affiliates, employees, parent and subsidiary corporations, successors, assigns, and representatives, and all those acting in privity or in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 17
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

        (a) Infringing the '748 Patent and '252 Patent;

        (b) Affixing, applying, annexing, or using in connection with the advertising, sale, or offering of goods the HELIOS name, or any mark similar thereto that might tend to falsely describe or represent such goods as being those of Sunlight or being endorsed or approved by Sunlight or affiliated with Sunlight in any way, including but not limited to the mark "Hydra" or any other mark from Greek mythology;

        (c) Performing any actions or using any trademarks or other words, names, titles, designs, logos, marks, or trade dress, that are likely to cause confusion, mistake, or to deceive, or to otherwise mislead the trade or public into believing that Defendant's goods are endorsed or approved by or are associated, affiliated, or in any way connected with Sunlight;

        (d) Using trademarks or other words, names, titles, designs, logos, marks, or trade dress or engaging in any other conduct that creates a likelihood of injury to the business reputation of Sunlight or a likelihood of misappropriation of Sunlight's distinctive trademarks and trade dress and the goodwill associated therewith; and

        (e) Engaging in any trade practices, including those complained of herein, which unfairly compete with or injure Sunlight, its business or the goodwill appertaining thereto.

    **C.**    That Sunlight be awarded all damages it has sustained by reason of Defendant's wrongful acts, and that such damages be trebled to the extent allowed by law, pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 284, together with prejudgment interest;

    **D.**    That an accounting and disgorgement be ordered and that Sunlight be awarded all gains, profits and advantages derived by Defendant from its wrongful acts, and that the amount of any accounting be trebled to the extent allowed by law;

    **E.**    That Defendant be required to deliver to the Court or to remove and destroy any materials (including but not limited to signage) that include a reproduction or colorable imitation of Sunlight's trademarks;

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 18
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

**F.** That Defendant be ordered to pay and Sunlight awarded exemplary and punitive damages;

**G.** That Defendant be required to pay Sunlight all of Sunlight's litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285; and

**H.** That the Court grant Sunlight any such other relief it deems just and proper.

## XI. JURY DEMAND

Sunlight demands a jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.

Dated this 14th day of November, 2013.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/Peter E. Heuser
Peter E. Heuser, WSB# 46264
Email: pheuser@schwabe.com
Yvonne E. Tingleaf, *pro hac vice* pending
Email: ytingleaf@schwabe.com
Kimvi T. To, *pro hac vice* pending
Email: kto@schwabe.com
1211 SW Fifth Avenue, Suites 1600
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff, Sunlight Supply, Inc.

Trial Attorney: Peter E. Heuser

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN - 19
3:11-cv-05935-RBL
PDX\122281\176353\KTT\12692070.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900