**The Honorable Robert S. Lasnik**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **SUNLIGHT SUPPLY, INC.,** a Washington corporation, and **IP HOLDINGS, LLC**, a Washington corporation.<br>　　　　　　　Plaintiffs,<br>　v.<br>**MAVERICK SUN INC.**, a Missouri corporation,<br>　　　　　　　Defendant. | Case No. 2:13-cv-2052-RSL<br><br>**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>NOTE ON MOTION CALENDAR:<br>August 29, 2014<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - i**
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND .................................................................................................... 2

III. ARGUMENT .......................................................................................................... 5

    A. Maverick Bears the Burden of Demonstrating that Subject Matter Jurisdiction Still Exists ................................................................................. 5

    B. The Federal Circuit and This Court Have Stated That There is No Subject Matter Jurisdiction for Declaratory Judgment When There is an Adequate Covenant Not to Sue ................................................................. 5

    C. Sunlight's Covenants Are Sufficient Under *Dow Jones*, *Revolution Eyewear* and *Sunshine Kids* to Divest This Court of Jurisdiction ............................ 7

    D. At Minimum, Maverick's Counterclaims for Invalidity and Non-Infringement Should be Dismissed ................................................................................ 10

IV. CONCLUSION ..................................................................................................... 11

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - ii**
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

# TABLE OF AUTHORITIES

Page(s)

CASES

*Dow Jones & Co. v. Ablaise Ltd.*,
 606 F.3d 1338 (Fed. Cir. 2010) ................................................................................ 5, 6, 7

*John Jovanovich & Jovanovich Supply Co. v. Redden Marine Supply, Inc.*,
 No. C10-924-RSM, 2011 U.S. Dist. LEXIS 103117 (W.D. Wash. Sept. 13, 2011) 10, 11

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007) ........................................................................................................ 5, 6

*Monsanto Co. v. Bayer Bioscience N.V.*,
 514 F.3d 1229 (Fed. Cir. 2008) ................................................................................... 10, 11

*Preiser v. Newkirk*,
 422 U.S. 395 (1975) ............................................................................................................ 5

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
 556 F.3d 1294 (Fed. Cir. 2009) .................................................................................. 6, 7, 8

*Sunshine Kids Juvenile Prods., LLC v. Ind. Mills & Mfg.*,
 No. C10-5697BHS, 2011 U.S. Dist. LEXIS 56402 (W.D. Wash. May 24, 2011) 7, 8, 9

*Super Sack Manufacturing Corp. v. Chase Packaging Corp.*,
 57 F.3d 1054 (Fed. Cir. 1995) ........................................................................................ 6, 8

STATUTES

35 U.S.C. § 285 ......................................................................................................................... 11

OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(1) .................................................................................. 1

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - iii**
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), plaintiffs Sunlight Supply, Inc. and IP Holdings, LLC (collectively "Sunlight") move to dismiss all five Counterclaims of the First Amended Answer, Affirmative Defenses and Counterclaims to Amended Complaint of defendant Maverick Sun, Inc. ("Maverick") (Dkt. No. 42). This Motion is supported by the Court's own file in this case, the Declaration of Peter E. Heuser filed concurrently herewith, and the Memorandum of Points and Authorities that follows.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This memorandum is in support of the motion of Sunlight to dismiss Maverick's counterclaims, all of which set forth various defenses to Sunlight's earlier assertion that Maverick infringes U.S. Patent Nos. D657,748 ("the '748 Patent") and D660,252 ("the '252 Patent"), directed to lighting controllers used for indoor agricultural production. The present motion is based on the fact that Sunlight has removed its assertion of patent infringement and instead is relying on its trade dress and trademark infringement causes of action. The '748 Patent was removed through Sunlight's First Amended Complaint (Dkt. No. 36) and the '252 Patent was removed through the Court's Order Granting Dismissal of the '252 Patent (Dkt. No. 46). After extensive negotiation with Maverick, Sunlight has also signed covenants not to sue as to each of the patents. These covenants preclude Sunlight from ever suing Maverick for infringement of the patents based on the units that have been accused of infringement. According to recent cases by the Federal Circuit and this Court, such covenants deprive the Court of subject matter jurisdiction over Maverick's declaratory judgment counterclaims.

This motion is being presented at this time because Maverick has taken the position that claim construction of the two design patents is necessary to decide at least its

PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIMS - 1
2:13-CV-2052-RSL

PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

inequitable conduct counterclaim. Because all of the counterclaims should be dismissed for lack of subject matter jurisdiction, claim construction in support of those counterclaims is also inappropriate. While Maverick may be entitled to contend that the patents were inequitably obtained by Sunlight in support of a claim for attorney fees, that claim is one to be asserted at trial and does not require claim construction as though patent infringement was still at issue. Maverick contends that its inequitable conduct counterclaim requires claim construction, but the cases counsel has cited to are cases in which the patents were still being asserted by plaintiff and had not been dismissed with broad covenants not to sue, as in the present case.

## II.    BACKGROUND

This was originally a patent, trademark and trade dress infringement case in which Sunlight was asserting two design patents, the '748 Patent and the '252 Patent, as well as several trademarks and its trade dress. On February 27, 2014, the Court issued its Minute Order (Dkt. No. 21) in which it set forth a schedule that included deadlines relating to claim construction. Shortly thereafter, Sunlight came to realize that it could obtain the relief it required by relying solely on the '252 Patent, so on March 14, Sunlight informed Maverick in an email that it would like to amend the complaint to delete the '748 Patent and asked Maverick for its consent. Declaration of Peter E. Heuser in Support of Plaintiffs' Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction ("Heuser Decl."), at ¶ 2, Exh. A (March 14, 2014 Email). Over the next few weeks, the parties negotiated the terms of a Covenant Not to Sue, and on April 7, the parties executed a Covenant Not to Sue concerning the '748 Patent. In this covenant, Sunlight agreed not to sue Maverick under the '748 Patent as to any of the accused designs or any substantially similar design at any time:

> 1.    <u>Covenant Not to Sue</u>.   IP Holdings and Sunlight hereby irrevocably covenant that at no time will they, their successors or their assigns, directly or indirectly, alone or by, with or through others, cause, induce or authorize, or voluntarily assist, participate or cooperate in the

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS** - 2
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

> commencement, maintenance, or prosecution of any action or proceeding of any kind or nature whatsoever (including, but not limited to, any suit, complaint, grievance, demand, claim, cause of action) in, of, or before any court of competent jurisdiction against Maverick, its past or present directors, officers, employees, successors, assigns, customers, manufacturers, distributors, licensees or other transferees (individually and collectively ″Maverick Representative(s)″) based upon assertion of direct or indirect patent infringement under 35 U.S.C. § 271 of any claim of the '748 Patent by all present models of the product currently manufactured and sold by Maverick known as the "Hydra Controller" and as shown in attached Exhibit A, including, but not limited to, Hydra 4 and Hydra 8, and any design substantially similar thereto, manufactured, used, offered for sale, sold, imported, or otherwise transferred by Maverick or by Maverick Representatives at any time.

Heuser Decl., at ¶ 3 ('748 Covenant), Exh. B, at 1-2. In turn, Maverick agreed in the covenant to "withdraw its counterclaims of non-infringement and invalidity of the '748 Patent from the Action." *See id.* at 1.

On April 11, Sunlight filed its First Amended Complaint that removed the '748 Patent from its infringement allegations. On April 25, Maverick filed its Answer to the Amended Complaint in which it removed its counterclaim as to invalidity and non-infringement of the '748 Patent. However, on May 6, Maverick filed a First Amended Answer to the Amended Complaint in which it added the '748 Patent to its inequitable conduct counterclaim.

On April 11, 2014, Maverick provided Sunlight with its Invalidity Contentions and Non-Infringement Contentions. After studying the information that Maverick provided relating to validity, Sunlight, on May 16, 2014, informed Maverick that it would agree to dismiss the '252 Patent from the case, and would agree to a covenant not to sue as to the '252 Patent. Heuser Decl., at ¶ 4, Exh. C (May 16, 2014 Email). Over the next two months, counsel negotiated the terms of the Covenant Not to Sue, and on July 16, 2014, came to terms and the covenant was signed. Heuser Decl., at ¶ 5, Exh. D ('252 Covenant).

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 3
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

The Covenant Not to Sue under the '252 Patent is even broader than that for the '748 patent, providing that Sunlight would not sue Maverick under the '252 Patent as to any lighting controller at any time:

> 2.  <u>Covenant Not to Sue</u>.  IP Holdings and Sunlight hereby irrevocably covenant that at no time will they, their successors or their assigns, directly or indirectly, alone or by, with or through others, cause, induce or authorize, or voluntarily assist, participate or cooperate in the commencement, maintenance, or prosecution of any action or proceeding of any kind or nature whatsoever (including, but not limited to, any suit, complaint, grievance, demand, claim, cause of action) in, of, or before any court of competent jurisdiction against Maverick, its past or present directors, officers, employees, successors, assigns, customers, manufacturers, distributors, licensees or other transferees (individually and collectively "Maverick Representative(s)") based upon assertion of direct or indirect patent infringement under 35 U.S.C. § 271 of any claim of the '252 Patent by all past, present, and future models of the product currently manufactured and sold by Maverick known as the "Hydra Controller" and as shown in attached Exhibit A, including, but not limited to, Hydra 4 and Hydra 8, and any other lighting controller product, manufactured, used, offered for sale, sold, imported, or otherwise transferred by Maverick or by Maverick Representatives at any time.

*Id.* at 1-2. Subsequently, the parties filed a Stipulated Motion and Order Dismissing Plaintiffs' First Claim for Relief for Infringement of U.S. Patent No. D660,252 with Prejudice and the Covenant Not to Sue as to the '252 Patent on July 18, 2014, and the Motion was granted on July 23, 2014.

In the Joint Statement filed the day after Sunlight executed the covenant as to the '252 patent and filed its Motion to Dismiss the '252 Patent with prejudice, Maverick pressed for claim construction as to both the '748 and '252 Patents, contending that such construction is necessary to decide its counterclaim for unenforceability. Sunlight noted that claim construction is not necessary or appropriate because patent infringement is no longer an issue before the court.
PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 4
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

### III.   ARGUMENT

**A.   <u>Maverick Bears the Burden of Demonstrating that Subject Matter Jurisdiction Still Exists</u>**

Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). As such, courts presume that causes of action "lie outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377.

Subject matter jurisdiction in a declaratory judgment suit depends upon the existence of a "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed."*Preiser v. Newkir*k, 422 U.S. 395, 401 (1975). Therefore, if events occur during the litigation that divest the court of subject matter jurisdiction, the case must be dismissed. The issue to be decided by the Court is whether Maverick will be able to demonstrate that despite Sunlight dropping its patents from the complaint and providing Maverick with signed covenants not to sue, there is still the existence of a substantial controversy between them of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**B.   <u>The Federal Circuit and This Court Have Stated That There is No Subject Matter Jurisdiction for Declaratory Judgment When There is an Adequate Covenant Not to Sue</u>**

The Federal Circuit ruled on this exact issue in *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010). In this decision, written by then-Chief Judge Michel, the Circuit dealt with the appeal of a denial of a motion to dismiss a counterclaim for patent invalidity even though the appellant had proffered (but not yet signed) a covenant not to sue under the

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 5
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

patent in suit. The Circuit reversed the denial of the motion to dismiss, ruling that the covenant not to sue divested the court of subject matter jurisdiction:

> [W]e have held, in a line of cases beginning with *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995), that a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties. *See Intellectual Prop. Dev., Inc. v. TCI Cablevision of Calif., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001) (statement of non-liability divested the district court of Article III jurisdiction); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("[A] covenant not to sue for any infringing acts involving products 'made, sold, or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action.").
>
> In the case at bar, Ablaise's covenant not to sue avowed that Ablaise would not sue Dow Jones for any acts of infringement of its '530 patent. The covenant therefore extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction.

*Dow Jones*, 606 F.3d at 1348.

Dismissal in the present case is even more compelling than in *Dow Jones* because in that case the covenant had just been proffered. In the present case, the covenants have been fully negotiated and signed.

*Dow Jones* instructed courts to look closely at the covenant to make sure that it entirely bars future infringement actions. Chief Judge Michel noted:

> More recently, this court held that 'whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant.' *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). In *Revolution Eyewear*, the patentee offered a covenant not to sue that this court found did not bar future infringement actions if the accused infringer again offered for sale the allegedly infringing articles. n2 556 F.3d at 1300. In its opinion, this court applied the *MedImmune* test [*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)], as set forth in *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007), holding that: "[W]here a patentee asserts rights under a patent based on certain

PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIMS - 6
2:13-CV-2052-RSL

PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

identified ongoing or planned activity of another party, and where the party contends that it has the right to engage in the accused activity without a license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *Revolution Eyewear*, 556 F.3d at 1297.

*Dow Jones*, 606 F.3d at 1346-47. Thus, to be adequate, a covenant not to sue must preclude future litigation of the patent as to units that have been accused of infringement—otherwise the accused infringer faces the choice between not engaging in the accused activity or facing suit.

Judge Settle of this Court relied on and quoted extensively from *Dow Jones* in *Sunshine Kids Juvenile Prods., LLC v. Ind. Mills & Mfg.,* No. C10-5697BHS, 2011 U.S. Dist. LEXIS 56402 (W.D. Wash. May 24, 2011). In *Sunshine Kids*, Judge Settle started his analysis with a restatement of the basic premise of *Dow Jones*:

> A covenant not to sue for patent infringement may divest the trial court of subject matter jurisdiction over claims for infringing acts depending on what is covered by the covenant and whether it is comprehensive enough to eliminate the controversy between the parties.

In *Sunshine Kids*, the covenant was too restricted to preclude future litigation but Judge Settle's analysis is helpful as we review the covenants in the present case.

    C.    <u>Sunlight's Covenants Are Sufficient Under *Dow Jones*, *Revolution Eyewear* and *Sunshine Kids* to Divest This Court of Jurisdiction</u>

In *Dow Jones*, the Federal Circuit found the covenant divested the district court of jurisdiction where the covenant provided that the patentee would not sue for infringement under the patent in suit "as of the date of this agreement based on Dow Jones' manufacture, importation, use, sale and/or offer for sale of currently existing products or use of methods." *Dow Jones*, 606 F.3d at 1345. Of course, here, neither the '748 nor the '252 covenant is limited to currently existing products. The '748 covenant precludes suit as to the existing

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 7
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

accused products as well as "any design substantially similar thereto" and the '252 covenant precludes suit as to "any lighting controller product." *See* Heuser Decl., Exh. B, at 2, Exh. D. at 2.

In *Revolution*, the Federal Circuit found inadequate a covenant that did not bar future infringement actions if the accused infringer again offered for sale the allegedly infringing articles. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1300 (Fed. Cir. 2009). Of course, the present covenants broadly prohibit suits "at any time." *See* Heuser Decl., Exh. B, at 2, Exh. D. at 2. In *Sunshine Kids*, Judge Settle compared the covenant in that case to the one in *Revolution Eyewear* where the covenant not to sue did not extend to future production and sale of the very same products that were the subject of the infringement suit. Judge Settle explained the analysis to be used when examining covenants:

> A covenant not to sue for patent infringement may divest the trial court of subject matter jurisdiction over claims for infringing acts depending on what is covered by the covenant and whether it is comprehensive enough to eliminate the controversy between the parties. When the covenant is unconditional and the covenant completely "extinguishe[s] any current or future case or controversy between the parties, [it divests] the district court of subject matter jurisdiction."

*Sunshine Kids*, 2011 U.S. Dist. LEXIS 56402, at *5 (citations omitted).

In *Sunshine Kids*, Judge Settle provided a clear explanation of what type of covenant would be sufficient to divest the court of jurisdiction. He stated:

> For example, jurisdiction was extinguished in *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995), when the defendant offered an unconditional agreement "not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase and because Chase was engaged in no present activity" placing it at risk of an infringement suit and Chase did not claim it was planning to make any new infringing product.

*Sunshine Kids*, 2011 U.S. Dist. LEXIS 56402, at *5-6.

In the '748 covenant, Sunlight agreed not to sue as to any of the accused designs or

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 8
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

"any design substantially similar thereto at any time." There has been no discussion of any future designs Maverick is planning, so the '748 covenant is at least as broad as that in *Super Sack*. The '252 covenant is even broader because it precludes Sunlight from suing as to "any lighting controller product at any time."

Judge Settle continued as to what sort of covenant would be sufficient to divest of jurisdiction:

> Likewise, in *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855, (Fed. Cir. 1999), the covenant not to sue divested the court of jurisdiction when the defendant promised not to sue Amana for patent infringement based on the patent-in-suit "as it presently reads, with respect to any product currently advertised, manufactured, marketed or sold by Amana, or any product which was advertised, manufactured, marketed or sold by Amana prior to the date of" the promise.

*Sunshine Kids*, 2011 U.S. Dist. LEXIS 56402, at *6. This language is similar to that in the '748 covenant, but not so broad as the '252 covenant.

Judge Settle contrasted the situation where the patentee can sue in the future if the infringer re-introduces the accused product: "However, when a covenant not to sue does not bar future infringement actions if the accused infringer again offers for sale the infringing articles, courts are not divested of jurisdiction." *Id*.

Judge Settle found the covenant in *Sunshine Kids* to be inadequate in several respects. First, it did not prevent a future suit as to the individual components of the accused design, and the Court found this critical because component parts had been a critical part of the litigation. *Id.* at *8-9. The Court also found the *Sunshine Kids* covenant lacking in that it did not preclude litigation over past and present designs regardless of whether they are made in the past or future, thus comparing that covenant to the one in *Revolution Eyewear*. *Id*. at *15. Judge Settle distinguished a concern about future products of the defendant that had not yet even been designed, noting: "Entirely new products that are not yet designed involve future acts that are too speculative on which to base the Court's jurisdiction." *Id*.

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 9**
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Here, in the covenant as to the '748 patent (Exhibit B), Sunlight is prevented from suing as to "all present models of the product currently manufactured and sold by Maverick known as the 'Hydra Controller' … and any design substantially similar thereto, manufactured, used, offered for sale, sold, imported, or otherwise transferred by Maverick or by Maverick Representatives at any time." In the covenant as to the '252 Patent (Exhibit D), Sunlight is prevented from suing as to "all past, present, and future models of the product currently manufactured and sold by Maverick known as the 'Hydra Controller' … and any other lighting controller product, manufactured, used, offered for sale, sold, imported, or otherwise transferred by Maverick or by Maverick Representatives at any time." Thus, it is clear that these covenants divest this Court of subject matter jurisdiction, and Maverick's counterclaims should be dismissed.

### D. At Minimum, Maverick's Counterclaims for Invalidity and Non-Infringement Should be Dismissed

This Court has decided in a previous case that a covenant not to sue does not divest a court of jurisdiction over a defendant's counterclaim for unenforceablity. *John Jovanovich & Jovanovich Supply Co. v. Redden Marine Supply, Inc.*, No. C10-924-RSM, 2011 U.S. Dist. LEXIS 103117 (W.D. Wash. Sept. 13, 2011). Sunlight respectfully asserts that the *Jovanovich* case was erroneously decided because no Federal Circuit case, including the seminal case of *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229 (Fed. Cir. 2008), has suggested such an exception. Nor have any of the Supreme Court cases or any of the other Federal Circuit cases discussed the possibility that even if the patents in suit are dismissed and broad covenants not to sue are in place, the court should maintain jurisdiction over unenforceability counterclaims. In fact, *Jovanovich* acknowledges that "*Monsanto* suggests that the covenant [at issue in *Jovanovich*] divests the district court over *any* counterclaims seeking declaratory relief." *Id.* at 10.

The only conceivable basis in law for the Court's jurisdiction over Maverick's

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 10
2:13-CV-2052-RSL

PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

inequitable conduct claim is under 35 U.S.C. § 285, which cannot be determined until after trial and there is a "prevailing party." *See*, *e.g.*, *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1243 (Fed. Cir. 2008). Therefore, the Court can decide this issue in a manner entirely consistent with prior Federal Circuit law and still get Maverick what it wants—to have its unenforceability argument heard by the Court.

Setting aside Maverick's unenforceability counterclaim, even in the *Jovanovich* case, the parties conceded, and court concluded, that the covenant not to sue deprived the court of jurisdiction over the defendant's counterclaims for invalidity and non-infringement. *Jovanovich*, 2011 U.S. Dist. LEXIS 103117, at *5. There was no question as to these counterclaims. Accordingly, at minimum, Maverick's counterclaims for invalidity and non-infringement should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the removal of the two patents from the complaint and the covenants not to sue divest this Court of subject matter jurisdiction over Maverick's counterclaims. Therefore, the present motion should be granted.

Dated this 1st day of August, 2014.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Peter E. Heuser
Peter E. Heuser, WSB# 46264
Email: pheuser@schwabe.com
Yvonne E. Tingleaf, *pro hac vice*
Email: ytingleaf@schwabe.com
Kimvi T. To, *pro hac vice*
Email: kto@schwabe.com
1211 SW Fifth Avenue, Suites 1600
Portland, OR  97204
Telephone:  503.222.9981
Facsimile:  503.796.2900

Attorneys for Plaintiffs Sunlight Supply, Inc., and IP Holdings, LLC

Trial Attorney: Peter Heuser

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS - 11
2:13-CV-2052-RSL
PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August, 2014, I caused to be served the foregoing **PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION** on the following parties via United States District Court – Western District of Washington's Electronic Case Filing System ("ECF") at the following addresses:

> James D. Nelson
> Pam Jacobson
> Betts, Patterson & Mines, P.S.
> One Convention Place
> 701 Pike Street, Suite 1400
> Seattle, WA 98101-3927

Of Attorneys for Defendant Maverick Sun Inc.

By: /s/ Peter E. Heuser
Peter E. Heuser

PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIMS - 12
2:13-CV-2052-RSL

PDX\126780\193258\PEH\14285583.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900