Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUNLIGHT SUPPLY, INC., a Washington corporation; IP HOLDINGS, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>MAVERICK SUN, INC., a Missouri corporation,<br><br>Defendant. | NO. 2:13-cv-2052-RSL<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT IN LIEU OF CLAIM CONSTRUCTION MEMORANDUM |

After Defendant uncovered evidence of Plaintiffs' widespread public use of the disputed patent designs prior to the 35 U.S.C. § 102(b) ("§ 102(b)") bar date, Plaintiffs unilaterally concluded that claim construction is no longer necessary in this case. Plaintiffs now admit to the invalidity of the asserted patents by conceding the materiality and admissibility of the prior art identified by Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT (2:13-cv-2052-RSL)
713145.1/081814 1717/76690003

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1 Yet, this concession is not enough. Even if the parties enter into a stipulation regarding the prior art identified to date, claim construction remains necessary to assess the materiality of all additional prior art references and related documents that are uncovered during the course of discovery.

## I.      INTRODUCTION

Sunlight initiated this litigation and asserted, among other things, that Defendant infringed US Patent Nos. D660252 ("D'252") and D657748 ("D'748"). Sunlight did not even name the correct owner of these patents when it filed its Complaint. Later, Sunlight and the correct owner, IP Holdings, withdrew both patent infringement claims after Defendant independently uncovered evidence of Plaintiffs' widespread use, advertising, offer for sale and sale of the disputed patent designs prior to the § 102(b) bar date.

Plaintiffs now unilaterally conclude that claim construction is no longer necessary because they are willing to concede the materiality of certain prior art identified by Defendant. Yet, Plaintiffs' concession does not obviate the need for claim construction.

Claim construction remains necessary to resolve Defendant's unenforceability/inequitable conduct counterclaim and to assess the materiality of all prior art references identified during discovery, not only the references identified by Defendant to date. Plaintiffs certainly have evidence of their use of the disputed designs prior to the § 102(b) bar date. Defendant has independently uncovered some of this evidence. But, Plaintiffs have never produced any documents related to these activities, much less evidence related to any additional activities Plaintiffs may have engaged in prior to the § 102(b) bar date.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
STATEMENT (2:13-cv-2052-RSL)    - 2 -
713145.1/081814 1717/76690003

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Plaintiffs also cannot unilaterally modify the Scheduling Order or seek to resolve substantive legal issues by a telephone conference without briefing from the parties. Plaintiffs concede that they decided to withdraw their remaining D'252 patent claim after reviewing Maverick's April 11, 2014 Invalidity and Non-Infringement Contentions. Yet, Plaintiffs did not file any motion to modify the existing Scheduling Order at this time. Plaintiffs did not even file an opening claim construction brief. Instead, Plaintiffs chose to call chambers, over three (3) months later, to seek immediate relief from pending deadlines and to resolve substantive legal issues. This is improper.[1]

## II.  ARGUMENT

### A.  Claim Construction Remains Necessary

It is indisputable that claim construction remains necessary to resolve Defendant's unenforceability/inequitable conduct counterclaim. Therasense, Inc. v. Becton, Dickinson and Co., 649 F.3d 1276, 1291-1292 (Fed. Cir. 2011). Specifically, claim construction remains necessary to assess the materiality of all prior art. Id.

Defendant independently uncovered widespread public use of the disputed designs by Plaintiffs prior to the February 11, 2010 § 102(b) statutory bar date. IP Holdings filed its applications for the D'748 and D'252 Patents on February 11, 2011. (Dkt. 1, Ex. B.) As such, February 11, 2010 operates as the § 102(b) statutory bar date. See 35 U.S.C. § 102(b).

---

[1] As provided in the Joint Claim Construction and Prehearing Statement Pursuant to LPR 132, Defendant agrees additional guidance is needed regarding the timing of claim construction in this case.

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT (2:13-cv-2052-RSL)
713145.1/081814 1717/76690003
- 3 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   Prior to the February 11, 2010 § 102(b) statutory bar date, on May 1, 2009, Plaintiffs publicly
2   disclosed the design of the D'748 Patent when IP Holdings filed its application to register Trademark
3   Application Serial No. 77727521 (the "'521 Application").  (Dkt. 42, p. 15, Ex A.)

4   Again, on September 11, 2009, Plaintiffs disclosed the design of the D'252 Patent when they
5   advertised, promoted, offered for sale and/or sold the Titan Controls Helios electronic controllers
6   through HIDHut.com.  (See Declaration of Pam Jacobson ("Jacobson Dec.") ¶ 2, Ex. A
7   (HIDHut.com webpage disclosing September 11, 2009 offer for sale.)

8   Later, in January 2010, Plaintiffs disclosed the design of the D'252 Patent when they
9   advertised, promoted, offered for sale and/or sold the Helios electronic controllers and the Titan
10  Controls line in the January issue of Maximum Yield USA.  (See Jacobson Dec. ¶ 3, Ex. B (January
11  2010 advertisement in Maximum Yield USA).)

12  To date, Plaintiffs have failed to produce any evidence related to these activities, much less
13  evidence related to any additional activities Plaintiffs may have engaged in prior to the February 11,
14  2010 § 102(b) bar date.  Even after Defendant provided Plaintiffs with evidence of Plaintiffs' own
15  invalidating prior art, Plaintiffs have never produced any documents, emails, invoices, or receipts
16  related to these activities.  (See Jacobson Dec. ¶¶ 4, 6, 7, Exs. C, E, F.)

17  B.   Claim Construction Is Not Obviated by the Proposed Stipulation

18  To avoid claim construction, Plaintiffs now admit that the disputed patents are invalid by
19  conceding the materiality of certain prior art references identified by Defendant.  By conceding
20  materiality, Plaintiffs concede that their own prior art is "but-for" material such that the USPTO
21  would not have allowed D'748 and D'252 if it had been aware of this art.  Therasense, Inc., 649 F.3d
22

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT (2:13-cv-2052-RSL)
713145.1/081814 1717/76690003
- 4 -
Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1276 at 1291-1292. This is a remarkable admission. However, it is not sufficient to eliminate claim construction in this case.

Even if the parties arrived at an agreement regarding the materiality of these references—which they have not—any stipulation could not eliminate the need for claim construction for additional prior art that may be disclosed by Plaintiffs and/or uncovered by Defendant during the course of discovery.

Moreover, Plaintiffs cannot avoid discovery related to their pre-§ 102(b) bar date activities by entering into a stipulation. The scope and duration of Plaintiffs' activities prior to February 11, 2010 bear directly on Plaintiffs' intent to deceive the United States Patent and Trademark Office ("USPTO") and Defendant's inequitable conduct counterclaim.

C. <u>Plaintiffs' Representations to the Court</u>

Plaintiffs' attempts to unilaterally eliminate claim construction and modify the Scheduling Order through a telephone conference with the Court also are improper. (<u>See</u> Jacobson Dec. ¶¶ 5, 7, Exs. D, F.) Plaintiffs cannot resolve substantive issues in this manner without briefing from the parties.

In addition, Plaintiffs' pleas are untimely and evidence their abusive litigation tactics. Plaintiffs concede that they intended to withdraw their remaining D'252 patent claim after reviewing Maverick's April 11, 2014 Invalidity and Non-Infringement Contentions, yet failed to even address the existing Scheduling Order until the August 7, 2014 due date for the parties' Opening Markman Briefs. (Dkt. 47, p 3.) Having failed to timely file a claim construction brief, Plaintiffs waive their right to any future claim construction related to D'252 in these proceedings.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
STATEMENT (2:13-cv-2052-RSL)
713145.1/081814 1717/76690003

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

III. CONCLUSION

It is indisputable that this case is one that stands out with respect to both the weakness of Plaintiffs' litigating position and the unreasonable manner in which Plaintiffs have litigated this case. Plaintiffs did not even identify the correct parties or investigate their patent claims before initiating this litigation. Plaintiffs now essentially concede the invalidity of the asserted patents, by agreeing to the materiality of some of their own prior art. Yet, claim construction remains necessary in this case to resolve Defendant's unenforceability/inequitable conduct counterclaim and to assess the materiality of prior art references disclosed by Plaintiffs or uncovered by Defendant during the course of discovery. Nothing short of stipulating to the materiality and admissibility of all prior art uncovered during discovery would obviate the need for claim construction in this litigation.

DATED this 18th day of August, 2014.

BETTS PATTERSON & MINES, P.S.

By: *s/* Pam K. Jacobson
James D. Nelson, WSBA #11134
Email: jnelson@bpmlaw.com
Pam K. Jacobson, WSBA #31810
Email: pjacobson@bpmlaw.com
One Convention Place
701 Pike Street
Suite 1400
Seattle, Washington 98101
Telephone: 206.292.9988
Facsimile: 206.343.7053

Attorneys for Defendant Maverick Sun, Inc.

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT (2:13-cv-2052-RSL) - 6 -
713145.1/081814 1717/76690003

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, I electronically filed the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT IN LIEU OF CLAIM CONSTRUCTION MEMORANDUM with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Peter E. Heuser
> Email: pheuser@schwabe.com
> Yvonne E. Tingleaf
> Email: ytingleaf@schwabe.com
> Kimvi T. To
> Email: kto@schwabe.com
> Schwabe, Williamson & Wyatt, P.C.
> 1211 SW 5th Avenue
> Suite 1600
> Portland, OR 97204

Dated at Seattle, Washington, this 18th day of August, 2014.

>                         s/ Terri Li
>                         Intellectual Property Paralegal

DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT (2:13-cv-2052-RSL)
713145.1/081814 1717/76690003
- 7 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988